UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**FILED**

2009 SEP 29 A 9: 02

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | |
| Plaintiff, | CIVIL ACTION NO. 3:09-cv-981-J-32 HTS |
| vs. | COMPLAINT |
| PRESTIGE HOME CENTERS, INC., | JURY TRIAL DEMANDED |
| Defendant. | INJUNCTIVE RELIEF SOUGHT |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and retaliation, and to provide appropriate relief to Joseph Bisque and other similarly situated males who were adversely affected by such practices. As stated with greater particularity below, the Commission alleges that Bisque and other similarly situated individuals were subjected to a sexually hostile work environment by Defendant's manager. As a result of the hostile work environment, similarly situated individuals were forced to resign and Bisque was terminated. Additionally, Defendant retaliated against Bisque because he engaged in protected activity.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A ("CRA 1991").

2.    The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Florida, Jacksonville Division.

## PARTIES

3.    Plaintiff, the United States Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.    At all relevant times, Defendant, Prestige Home Centers, Inc. has continuously been a Florida corporation doing business in the State of Florida and the County of Columbia, and has continuously had at least 15 employees.

5.    At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.    More than thirty days prior to the institution of this lawsuit, Bisque filed a charge with the Commission alleging violations of Title VII by Defendant.

7.    All conditions precedent to the institution of this lawsuit have been fulfilled.

8.    Since at least January of 2007, Defendant engaged in unlawful employment practices at its Lake City, Florida facility, in violation of Section 703(a) of Title VII, 42 U.S.C. §2000e-2(a), as follows:

    (a)    Defendant, by and through its manager, subjected Bisque, and other similarly situated males, to harassment based on sex (male). The sexual harassment included, but was not limited to, unwelcome physical contact of a sexual nature,

unwelcome sexual advances, and offensive remarks about sexual conduct, male anatomy, and other sexual issues. Examples of the harassment carried out by Defendant's male manager include touching males on the buttocks and/or groin area, sending a "memorandum" to male employees which stated, "I fuck on the first date," referring to the length of a male penis, making sexual remarks about males' nipples, and unwelcome requests for sexual relations.

(b) The harassment was sufficiently severe or pervasive that it constituted a sexually hostile work environment. The harassment also included Defendant's male manager making unwelcome sexual remarks about Bisque, and others, in front of potential customers, which interfered with Bisque's ability to sell Defendant's product.

(c) Defendant was on notice that its manager was sexually harassing employees, but did not take prompt remedial action to stop it and prevent it from recurring.

(d) The sexual harassment culminated in tangible job detriment for Bisque, including but not limited to the termination of his employment.

(e) As a result of the sexually hostile work environment, similarly situated males were constructively discharged.

9. Since at least January of 2007, Defendant engaged in unlawful employment practices at its Lake City, Florida facility, in violation of Section 704(a) of Title VII, 42 U.S.C. §2000e-3(a), as follows:

(a) Bisque engaged in protected activity when he opposed the manager's harassment and when he complained to Defendant about the sexual harassment.

(b) Notwithstanding Bisque's complaints, Defendant failed to take prompt remedial action to stop the harassment and the harassment continued.

3

(c) After Bisque opposed and/or complained about the sexual harassment, Defendant unlawfully retaliated against him for engaging in protected activity including, but not limited to, terminating his employment.

10. The effect of the practice(s) complained of in paragraphs 8 above has been to deprive Joseph Bisque and other similarly situated individuals of equal employment opportunities and otherwise adversely affect their status as employees because of their sex (male).

11. The effect of the practice(s) complained of in paragraphs 8 and 9 above has been to deprive Joseph Bisque of equal employment opportunities and otherwise adversely affect his status as an employee because he engaged in activity protected by Title VII.

12. The unlawful employment practices complained of in paragraphs 8 and 9 above were intentional.

13. The unlawful employment practices complained of in paragraphs 8 and 9 above were done with malice or with reckless indifference to the federally protected rights of Bisque and other similarly situated males.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in sexual harassment, retaliation, and any other employment practices which discriminate on the basis of sex.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for males, and which eradicate the effects of its past and present unlawful employment practices.

C.Order Defendant to make whole Bisque and other similarly situated males, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Bisque and/or other similarly situated individuals or, in lieu thereof, front pay for Bisque and/or similarly situated males.

D.Order Defendant to make whole Bisque and other similarly situated males, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 8 and 9 in amounts to be determined at trial.

E.Order Defendant to make whole Bisque and other similarly situated males by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 8 and 9, including, but not limited to emotional pain, suffering, inconvenience, humiliation, and loss of enjoyment of life, in amounts to be determined at trial.

F.Order Defendant to pay Joseph Bisque and other similarly situated individuals punitive damages for its malicious and reckless conduct described in paragraphs 8 and 9, in amounts to be determined at trial.

G.Grant such further relief as the Court deems necessary and proper in the public

interest.

    H.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

JAMES L. LEE
Deputy General Counsel

GWENDOLYN REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
131 M Street, N.E.
Washington, D.C. 20507

MICHAEL J. O'BRIEN
Acting Regional Attorney

_____ (for)
MARIA KATE BOEHRINGER
Supervisory Trial Attorney
Florida Bar No. 0041157
Miami District Office
2 Biscayne Blvd., Ste. 2700
Miami, Florida 33131
Telephone:    (305) 808-1790
Facsimile:    (305) 808-1835
Email: maria.boehringer@eeoc.gov