UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Jacksonville Division

CASE NO. 3:09-CV-981-J-TJC-JBT

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSSION, | ) ) ) |
| Plaintiff, | ) |
| v. | ) ) |
| PRESTIGE HOME CENTERS, INC., | ) ) |
| Defendant. | ) ) / |

**PLAINTIFF'S MOTION TO STRIKE PREVIOUSLY WITHHELD
DOCUMENTS AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

Pursuant to Federal Rules of Civil Procedure 26(a)(1)(A)(ii), 34(a) and 37(c)(1), Plaintiff Equal Employment Opportunity Commission ("EEOC") respectfully requests that this Court strike Exhibits 28 through 33 from Defendant Prestige Home Centers, Inc.'s ("Prestige") exhibit list and preclude Prestige from introducing such exhibits at trial. As grounds for this relief, the EEOC states as follows:

**Introduction and Overview of Relevant Facts**

This matter is set for trial during the Court's trial term beginning February 17, 2011. *See* Third Amended February 2011 Trial Calendar [D.E. #18]. Pursuant to the Court's Third Amended February 2011 Trial Calendar [D.E. # 18], the parties were required to provide the Court, among other documents, a courtesy copy of their exhibit lists on January 31, 2011. Thereafter, Prestige provided the EEOC a copy of its exhibit

list on February 1, 2011, and an amended copy of its exhibit list on February 4, 2011. *See* Amended Exhibit List (attached as Exhibit A).

Prestige's February 1, 2011 exhibit list identified —*for the first time*—six (6) previously undisclosed documents that Prestige intends to use to support its defenses at trial:

| | |
|---|---|
| Prestige Exhibit 28: | Acceptable Use of Computers Memo signed by Alex O'Daniel |
| Prestige Exhibit 29: | Profit & Loss Statements Prestige Home Centers, Inc., 2007, 2008, 2009 |
| Prestige Exhibit 30: | Sales log - Lake City 2007 and 2008 |
| Prestige Exhibit 31: | Transaction Reports - Lake City 2007 and 2008 |
| Prestige Exhibit 32: | Prestige's Gross Profit Analysis - Lake City 2007 and 2008 |
| Prestige Exhibit 33: | Prestige's Net Profit Analysis Summary Report 2007 |

Notably, Prestige could have—and should have—provided these documents to the EEOC as part of its initial disclosures or timely supplemented such disclosures.

Unfortunately, notwithstanding Prestige's discovery obligations pursuant to Rules 26 and 34, Prestige waited until February 1, 2011—*well after the close of discovery and only sixteen (16) days prior to trial*—to identify Exhibits 28 through 33. Thereafter, on February 2, 2011, EEOC requested that Prestige provide a copy of the exhibits. *See* Correspondence from EEOC to Prestige (attached as Exhibit B). Prestige, however, waited until February 4, 2011 and February 6, 2011 to produce copies of the previously withheld documents.

Upon receipt of the documents, EEOC determined that the documents were responsive to EEOC's First Request for Production of Documents (attached as Exhibit C). Specifically, **Prestige Exhibit 28** (Accepted use of computers - O'Daniel) was

2

requested by the EEOC in Request 4 of its First Request for Production of Documents. In fact, although EEOC requested "all documents that refer or relate to Defendant's employment of . . . Alex O'Daniel . . . [including] all personnel documents and personnel files," Prestige failed to produce this document, and instead represented that "[e]mployee folder requested and will be produced when received."  *See* Prestige Response to First Request for Production of Documents (attached as Exhibit D).  Regrettably, Exhibit 28 was never provided to the EEOC.

Likewise, **Prestige Exhibits 29, 32, and 33** (Prestige's financial documents) were requested by the EEOC in its First Request for Production of Documents.  Specifically, the EEOC requested the following:

> For each fiscal year ending 2007 through the present, provide the following documents prepared by or on behalf of Defendant: (a) All audited financial statements (or unaudited if audited not available); (b) All documents reflecting the gross income, net income and expenditures; (c) All profit and loss statements; (d) All balance sheets; (e) All statements of retained earnings; (f) All cash flow statements;  (g)All statements of general and administrative expenses; (h) Complete state and federal corporate tax returns, including all documents used, relied upon, or referred to in the preparation of said tax returns; and (i) Annual reports for Defendant (that reflect its income) filed with the Office of the Secretary of State for the state of Defendant's incorporation.

*See* Exhibit C, Request 13.  Rather than producing the documents, however, Prestige answered that "Defendant objects to production of the financial documents requested as, unless relevance established, these records provide no information of any relevance and are not reasonably calculated to lead to the discovery of admissible evidence."  *See* Exhibit D, ¶ 13.

Similarly, **Prestige Exhibits 30 and 31** (the sales documents) were requested by the EEOC, but never produced by Prestige. Indeed, EEOC requested all documents that refer or relate to, among other individuals, Joseph Bisque, Alex Wells, Jeremy Cameron, Justin Cameron, Phillip Hurst, Bill Davis, and Jack Stamper. *See* Exhibit C, Request 4. Nevertheless, although Exhibits 30 and 31 refer to these individuals, Prestige failed to produce the documents.

Given Prestige's failure to timely produce Exhibits 28 through 33, and in turn the substantial prejudice to the EEOC, the EEOC respectfully requests that the Court strike Prestige's previously withheld documents and preclude Prestige from introducing Exhibits 28 through 33 at trial, as specifically described below.

Pursuant to M.D. Fla. Loc. R. 3.01(g), EEOC has conferred with Counsel for Prestige, Bureus Wayne Argo, concerning the relief sough herein. Opposing counsel opposes the relief requested in this Motion.

## Memorandum of Law

Federal Rule of Civil Procedure 26 requires each party, as part of its initial disclosures, to provide "a copy — or a description by category and location — of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment[.]" Fed. R. Civ. P. 26(a)(1)(A)(ii). Further, a party has a continuing duty to supplement this information "in a timely manner if the party learns that in some material respect the disclosure, or response is incomplete . . . ." Fed. R. Civ. P. 26(e)(1)(A).

4

To ensure compliance with these provisions, Rule 37 provides that "if a party fails to provide information or identify a witness as required by Rule 26(a)(1) or (e), the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless that failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). The burden is on Prestige to establish that the failure to disclose was substantially justified or harmless. *Mitchell v. Ford Motor Co.*, No. 08-10302, 2009 WL 593897, at *3 (11th Cir. Mar. 9, 2009) (citing *Leathers v. Pfizer*, 233 F.R.D. 687, 697 (N.D.Ga. 2006)).

Here, Prestige cannot demonstrate that its failure to produce the documents identified as Exhibits 28 through 33 is either substantially justified or harmless. First, Prestige has not advised the EEOC of *any justification* for its failure to produce Exhibits 28 through 33. Further, with respect to the financial documents at issue (Exhibits 29, 32, and 33), Prestige previously refused to produce these documents and asserted that these documents were not relevant. These documents, however, were clearly in Prestige's possession and control, and are seemingly relevant now that Prestige has precluded EEOC from examining them and questioning witnesses about them during discovery. Prestige should not be permitted to assert that documents are irrelevant, intentionally withhold them, and then produce them on the eve of trial to the complete disadvantage of the EEOC.

In addition, Prestige's decision to withhold Exhibits 28 through 33 is not harmless. With respect to **Exhibit 28** (Accepted use of computers - O'Daniel), the EEOC conducted the deposition of Mr. O'Daniel on September 10, 2010, but had no opportunity to question Mr. O'Daniel about Prestige's alleged policy regarding the acceptable use of

5

computers. Likewise, EEOC was not able to question any of Prestige's other employees—including Mr. Wells—as to, among other questions, whether they were aware of such policy and whether such policy was enforced. Indeed, Prestige previously produced *no* documents relating to computer usage or any other documents which would have indicated that Prestige had a computer policy. Given the EEOC's allegations that Alex Wells (the supervisor of Joseph Bisque, Phillip Hurst, Jeremy Cameron, and Justin Cameron) misused the only computer in the Lake City office for purposes of sexual harassment, this clearly would have been a subject of discovery.

Similarly, with regards to **Exhibits 29, 32, and 33** (Prestige's financial documents), the EEOC has had no opportunity to question any of the witnesses during discovery about the documents, who created them, or to discover other relevant information. Further, and more importantly, although EEOC requested a variety of financial information from Prestige, Prestige waited until after the discovery deadline and sixteen (16) days before trial to produce, at its own discretion, *limited and select financial data*. Thus, contrary to the letter and spirit of the Federal Rules of Civil Procedure, EEOC has been provided only that limited financial information which Prestige has decided it should share.[1]

---

[1] Given Prestige's failure to produce *any* financial documents prior to the close of discovery (November 1, 2010), the EEOC added to its Exhibit list two publicly available documents of Prestige's parent company, Nobility Homes, Inc. These documents are available on the United States Securities and Exchange Commission Website, are signed by Prestige's President Thomas Trexler, and include current financial information regarding Prestige. As such, the EEOC's inclusion of these two documents on its exhibit list is easily distinguishable from the six new exhibits added by Prestige, each of which were in Prestige's exclusive custody, possession, or control, and each of which were requested by the EEOC through its First Request for Production of Documents, but withheld by Prestige.

6

Finally, with respect to **Exhibits 30 and 31**, which reflect associate sales, Prestige's failure to timely produce these documents is harmful and prejudicial to the EEOC because the EEOC has had no opportunity to ask any of the witnesses about the documents during discovery. For illustration only, with respect to Exhibit 30 (sales log), EEOC has had no opportunity to ask, among other questions, the following:

   (i)     Who created this log;
   (ii)    Who maintains this log;
   (iii)   When was the log created;
   (iv)    Does the log reflect all sales in the Lake City office;
   (v)     What does the handwritten note "hand-written purchase agreement" mean;
   (vi)    Why are there sometimes two persons listed as the sales person;
   (vi)    Does the sales person indicate the person that started the transaction, or closed the transaction;
   (vii)   If an employee left Prestige while a sale was pending, would that person's name still be reflected on the log;
   (viii)  What do each of the columns on the log represent;
   (ix)    Are Bill Davis and William Davis the same person on the log; and
   (x)     Does Prestige maintain a similar log for each of its offices.

*See* Prestige Exhibit 30 (attached as Exhibit E). As such, EEOC respectfully maintains that the Court should strike these exhibits. *See also Fisher v. Ciba Specialty Chems. Corp.*, 238 F.R.D. 273, 281-82 (S.D. Ala. 2006) (striking exhibit produced after the close of discovery and on the eve of a class certification hearing); *All Children's Hosp., Inc. v. Medical Sav. Ins. Co.*, No. 8:04CV186T26EAJ, 2005 WL 1863409, at *10 (M.D. Fla. Aug. 3, 2005) (excluding plaintiffs' composite exhibit because the documents were "never identified . . . in their Rule 26(a)(1)(B) disclosures.").

Notably, providing EEOC an opportunity to re-depose certain witnesses prior to February 17, 2011 would not cure the significant prejudice to EEOC because Prestige's untimely decision to identify these exhibits has effectively denied the EEOC an

opportunity to conduct follow up discovery and to meet the exhibits with contrary, rebuttal, or impeachment documentary evidence or testimony. As such, Prestige should not be rewarded for its tactical decision to withhold documents it now thinks would be helpful to support its case.

Alternatively, should this Court allow Prestige to introduce Exhibits 28 through 33 at trial, then EEOC requests an opportunity to immediately reconvene the depositions of Thomas Trexler (regarding financial documents and computer policy) and Alex O'Daniels and Alex Wells (regarding sales documents and computer policy), as well as permission to add witnesses and documents to the EEOC's witness and exhibit lists as necessary, with all costs to be borne by Prestige or its counsel. *See Collins v. United States*, No. 3:08-cv-923-J-32JRK, 2010 WL 4643279, *5 (M.D. Fla. Nov. 9, 2010) (declining to strike plaintiff's expert report where exclusion would essentially end the case on the merits, but allowing defendant to obtain additional expert reports and take additional discovery "with reasonable associated costs to be borne by [p]laintiff's counsel.").

**WHEREFORE**, the EEOC respectfully requests that this Court strike Prestige Exhibits 28 through 33 from Prestige's exhibit list and preclude Prestige from introducing such exhibits at trial. In the alternative, should this Court permit Prestige to introduce Exhibits 28 through 33 at trial, then EEOC requests an opportunity to immediately conduct the deposition of Thomas Trexler (regarding financial documents) and Alex O'Daniels and Alex Wells (regarding sales documents), as well as permission to add

witnesses and documents to the EEOC's witness and exhibit lists as necessary, with all reasonable costs to be borne by Prestige or its counsel.

Respectfully submitted,

On behalf of the Equal Employment Opportunity Commission

ROBERT E. WEISBERG, Regional Attorney
KIMBERLY McCOY-CRUZ, Supervisory Trial Attorney
AARRIN B. GOLSON, Trial Attorney
KRISTEN M. FOSLID, Trial Attorney
U.S. Equal Employment Opportunity Commission
One Biscayne Tower
Miami District Office
2 South Biscayne Blvd., Suite 2700
Miami, FL 33131
Telephone: (305)808-1783
Facsimile: (305)808-1835

/s/Kristen M. Foslid
Kristen M. Foslid, Esq.
Fla. Bar No. 0699681
Kristen.Foslid@eeoc.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on February 8, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/Kristen M. Foslid
Kristen M. Foslid, Esq.

9

## SERVICE LIST
## EEOC v. Prestige Home Centers, Inc.
## Case No. 3:09-CV-981-J-TJC-JBT
## United States District Court, Middle District of Florida

ROBERT E. WEISBERG, Regional Attorney
KIMBERLY McCOY-CRUZ, Supervisory Trial Attorney
AARRIN B. GOLSON, Trial Attorney
KRISTEN M. FOSLID, Trial Attorney
U.S. Equal Employment Opportunity Commission
One Biscayne Tower
Miami District Office
2 South Biscayne Blvd., Suite 2700
Miami, FL 33131
Tel: (305)808-1783
Fax: (305)808-1835
Email: Kristen.Foslid@eeoc.gov

Attorneys for EEOC

Via Transmission of Notices of Electronic Filing Generated by CM/ECF

Bureus Wayne Argo, Esq.
Bureus Wayne Argo P.A.
942 SE 17th Street
Ocala, FL 34471
Tel: (352) 732-8895
Fax: (352) 622-4564
Email: bwargo@argolaw.net

Attorney for Prestige Home Centers, Inc.

Via Transmission of Notices of Electronic Filing Generated by CM/ECF